# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARRYL E. GHOLSON,

    Plaintiff,

v.

STATE OF NEVADA, *et al.*,

    Defendants.

Case No. 2:15-CV-01934-KJD-GWF

**ORDER**

    Presently before the Court is Defendants Nethanjah Childers, Fabian Carillo, James Scally, Monique Hubbard-Picket, Rodney Keith, David Singer, and Casa Grande Transitional Housing's Motion to Dismiss and for Summary Judgment (#24). Also before the Court is Defendants' Motion to Dismiss Defendant Kenneth Miller (#26). Though the time for doing so has passed, Plaintiff has failed to file a response in opposition to either motion. Therefore, in accordance with Local Rule 7-2(d), and good cause being found on the merits of the action, the Court grants Defendant's motion to dismiss.

    Here, Plaintiff's surviving cause of action is barred by the Nevada statute of limitations. A cause of action brought under 42 U.S.C. § 1983 is governed by the forum states personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 266-68 (1985). However, "under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." See Morales v. City of Los Angeles, 214 F.3d 1151, 54 (9th Cir. 2000). In Nevada,

the statute of limitations for a personal injury action is two years after the action accrues. NRS 11.190(4)(e); Day v. Zubel, 112 Nev. 972, 977 (1985).  Here the incident in question occurred July 4, 2012. Plaintiff knew or had reason to know of the alleged violations on that date. Therefore, his complaint had to be filed no later than July 4, 2014. Plaintiff, however, waited until March 10, 2015 to file the present complaint. Accordingly, his action is time barred.

Even if the action was not time barred, no constitutional violation occurred.  Plaintiff was provided with procedural due process during a fair, impartial disciplinary proceeding. See Wolfe v. McDaniel, 418 U.S. 539, 563-70 (1974).

Further on June 30, 2016, the Nevada Attorney General notified the Court that it accepted service on behalf of all remaining defendants, except Kenneth Miller. However, despite being provided with Miller's address, Plaintiff failed to serve Miller with the summons and complaint in compliance with Federal Rule of Civil Procedure 4(m).  Accordingly, the claims against Miller are dismissed.[1]

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss and for Summary Judgment (#24) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Defendant Kenneth Miller (#26) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 21st day of February 2017.

_____
Kent J. Dawson
United States District Judge

---

[1] The Court notes that even if Plaintiff had timely served Miller that the claims against him would also be barred by the Nevada statute of limitations.

2